IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs May 11, 2022

**STATE OF TENNESSEE v. DEMETRIS LOVELL MERRIWEATHER**

**Appeal from the Circuit Court for Montgomery County**
**No. 63CC1-2016-CR-1188      Robert T. Bateman, Judge**

_____

**No. M2021-01278-CCA-R3-CD**
_____

The Defendant, Demetris Lovell Merriweather, appeals the Montgomery County Circuit Court's summary denial of his pro se motion to correct an illegal sentence pursuant to Tennessee Rule of Criminal Procedure 36.1. After review, we affirm the judgment of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Circuit Court Affirmed**

JOHN W. CAMPBELL, SR., J., delivered the opinion of the court, in which ROBERT W. WEDEMEYER and ROBERT L. HOLLOWAY, JR., JJ., joined.

Demetris Lovell Merriweather, Wartburg, Tennessee, Pro Se.

Herbert H. Slatery III, Attorney General and Reporter; David F. Findley, Senior Assistant Attorney General; John W. Carney, Jr., District Attorney General; and Arthur F. Bieber, Assistant District Attorney General, for the appellee, State of Tennessee.

**OPINION**

**FACTS**

The appellate record in this case consists of the parties' briefs and the technical record, which contains the Defendant's pro se motion to correct an illegal sentence, the trial court's order summarily denying the motion, and the Defendant's notice of appeal documents. We have obtained most of the following procedural history from the trial court's order denying the motion: In October 2016, the Defendant was indicted for three offenses, including first degree premeditated murder. The trial court ordered a competency evaluation pursuant to Tennessee Code Annotated section 33-7-301, and the evaluation concluded the Defendant was competent to understand the nature of the legal process, to understand the charges pending against him and the consequences that could follow, and

to participate in his own defense. On June 1, 2018, the Defendant pled guilty to first degree premeditated murder and received a sentence of life in confinement, and the State dismissed the remaining charges. On March 14, 2019, the Defendant filed a pro se petition for post-conviction relief. The post-conviction court appointed counsel and ordered a second competency evaluation.

On January 9, 2020, the post-conviction court held a hearing to determine the status of the evaluation and to set a date for the post-conviction evidentiary hearing. During the January 9 hearing, post-conviction counsel advised the post-conviction court that the evaluation concluded the Defendant was competent, and the Defendant advised the court that his primary goal was to be transferred to a facility within the Tennessee Department of Correction ("TDOC ") that could treat his mental health issues. The post-conviction court explained to the Defendant that the court could recommend that the TDOC move him to a mental health facility but that the court could not order the TDOC to do so. That same day, the post-conviction court entered an amended judgment of conviction, adding as a special condition on the judgment form that "'[t]he Court recommends sentence be served in special needs.'" The post-conviction court set another hearing for February 5, 2020. During that hearing, the Defendant voluntarily dismissed his petition for post-conviction relief.

On December 4, 2021, the Defendant filed a pro se "Motion to Vacate, Correct and/or Otherwise Set Aside Illegal Sentence" pursuant to Rule 36.1, Tennessee Rules of Criminal Procedure. In the motion, the Defendant alleged that his sentence was illegal because the State failed to file a notice of enhanced punishment pursuant to Tennessee Code Annotated section 40-35-202(a) and that his original and amended judgments of conviction were void because the trial judge failed to sign the original judgment of conviction. On October 5, 2021, the trial court entered an order stating that it had "reviewed the motion and supporting memorandum as well as the entire record as a whole" and concluding that the motion failed to state a colorable claim. The trial court noted that the State was not required to file a notice of enhanced punishment because the Defendant was sentenced as a Range I, standard offender and that the original and amended judgments of conviction bore the judges' signatures. Accordingly, the trial court summarily denied the motion.

## ANALYSIS

The Defendant contends that the trial court erred by summarily denying his Rule 36.1 motion. He maintains that his sentence is illegal because the State failed to file a notice of enhanced punishment pursuant to Tennessee Code Annotated section 40-35-202(a) and that his original judgment of conviction is void because it was not signed by the trial judge. Additionally, he claims that the post-conviction court tried to "cover up" the void judgment by entering the amended judgment of conviction, which is also void. The State argues that the trial court properly denied the motion. We agree with the State.

Rule 36.1, Tennessee Rules of Criminal Procedure, permits a defendant to seek correction of an unexpired illegal sentence at any time. *See State v. Brown*, 479 S.W.3d 200, 211 (Tenn. 2015). "[A]n illegal sentence is one that is not authorized by the applicable statutes or that directly contravenes an applicable statute." Tenn. R. Crim. P. 36.1(a)(2). As our supreme court has explained, only "fatal" sentencing errors render sentences illegal. *State v. Wooden*, 478 S.W.3d 585, 595 (Tenn. 2015). "Included in this category are sentences imposed pursuant to an inapplicable statutory scheme, sentences designating release eligibility dates where early release is statutorily prohibited, sentences that are ordered to be served concurrently where statutorily required to be served consecutively, and sentences not authorized by any statute for the offenses." *Id.* Conversely, "[c]laims of appealable error generally involve attacks on the correctness of the methodology by which a trial court imposed sentence." *Id.* Few appealable errors rise to the level of an illegal sentence. *Id.*

If a Rule 36.1 motion states a "colorable claim that the sentence is illegal," the trial court shall appoint counsel and hold a hearing on the motion. *See* Tenn. R. Crim. P. 36.1(b)(2). Our supreme court has recognized that "Rule 36.1 does not define 'colorable claim.'" *Wooden*, 478 S.W.3d at 592. Nevertheless, the court explained that "for purposes of Rule 36.1, . . . 'colorable claim' means a claim that, if taken as true and viewed in a light most favorable to the moving party, would entitle the moving party to relief under Rule 36.1." *Id.* at 593. A motion filed pursuant to Rule 36.1 "must state with particularity the factual allegations on which the claim for relief from an illegal sentence is based." *Id.* at 594. In determining whether a motion states a colorable claim, the trial court "may consult the record of the proceeding from which the allegedly illegal sentence emanated." *Id.* Whether a Rule 36.1 motion states a colorable claim is a question of law, which we review de novo. *Id.* at 589.

As to the Defendant's claim that his sentence is illegal because the State failed to file a notice of enhanced punishment, Tennessee Code Annotated section 40-35-202(a) provides, in pertinent part, that "[i]f the district attorney general believes that a defendant should be sentenced as a multiple, persistent or career offender, the district attorney general shall file a statement thereof with the court and defense counsel not less than ten (10) days before trial or acceptance of a guilty plea." The trial court found that Tennessee Code Annotated section 40-35-202(a) was not applicable to the Defendant's case because he was sentenced as a Range I, standard offender. We note that even if the Defendant was classified as a standard offender, such classification is irrelevant for a first degree murder conviction. *Gerald Buchanan v. Glenn Turner, Warden*, No. W2004-02849-CCA-R3-HC, 2005 WL 2104589, at *1 (Tenn. Crim. App. Aug. 31, 2005); *see* Tenn. Code Ann. § 39-11-117, Sentencing Comm'n Cmts (providing that a defendant convicted of first degree murder is not punished according to the felony offender classifications defined in Tennessee Code Annotated sections 40-35-105 to 40-35-109). In any event, alleging inadequate notice of the State's intent to seek enhanced punishment relates to the

underlying sentencing procedure, not the legality of the sentence, and is not a cognizable claim in a Rule 36.1 motion. *State v. Christopher Hubbard*, No. W2016-01263-CCA-R3-CD, 2017 WL 244116, at *2 (Tenn. Crim. App. Jan. 20, 2017); *see Cantrell v. Easterling*, 346 S.W.3d 445, 458 (Tenn. 2011) (stating that a trial court's error in offender classification generally will not render the sentence illegal "because an error in the offender classification does not create a sentence that is not authorized by the applicable statutes or that directly contravenes an applicable statute").

Regarding the Defendant's claim that the original judgment of conviction is void because the trial court failed to sign the judgment, we note that the original and amended judgments of conviction are not in the appellate record. The Defendant's Rule 36.1 motion reflects that he attached exhibits, including copies of the judgments, to his motion, but the exhibits are absent from the technical record. The Defendant also attached exhibits to his appellate brief, and those exhibits include copies of his original and amended judgments of conviction and copies of transcripts of his guilty plea hearing and the hearing held on January 9, 2020. However, "documents attached to an appellate brief but not included in the record on appeal cannot be considered by this court as part of the record on appeal." *Grover L. Dunigan v. State*, No. E2005-01574-CCA-R3-PC, 2006 WL 433699, at *3 (Tenn. Crim. App. Feb. 23, 2006).

Regardless, a trial judge's failure to sign a judgment of conviction does not render the judgment void. *Michael Thomason v. Kevin Myers, Warden*, No. M2002-01346-CCA-R3-CO, 2002 WL 31852868, at *2 (Tenn. Crim. App. Dec. 20, 2002) (citing as examples *Jack P. Carr v. David Mills, Warden*, No. E2000-00156-CCA-R3-PC, 2000 WL 1520267, at *2 (Tenn. Crim. App. Oct. 13, 2000); *Willie James Robinson, Jr. v. State*, No. E1999-00945-CCA-R3-PC, 2000 WL 1228023, at *2 (Tenn. Crim. App. Aug. 30, 2000); *Jerry L. Johns v. State*, No. E1999-00260-CCA-R3-CD, 2000 WL 262901 at *2 (Tenn. Crim. App. March 9, 2000); *Paul A. Mayes v. State*, No. E1999-01374-CCA-R3-CD, 2000 WL 215675, at *2 (Tenn. Crim. App. Feb. 24, 2000)). Moreover, the trial court stated in its order denying the Rule 36.1 motion that it reviewed the entire record and that the trial court signed the original judgment. Therefore, we find no merit to the Defendant's claim that his original judgment of conviction and, consequently, his amended judgment of conviction are void.

In sum, the Defendant's life sentence was a statutorily authorized sentence for first degree premeditated murder. *See* Tenn. Code Ann. § 40-35-112(c)(1). As noted by the State, he appears to raise additional issues on appeal that he did not raise in his Rule 36.1 motion. However, we will not address issues raised for the first time on appeal. *State v. Alvarado*, 961 S.W.2d 136, 153 (Tenn. Crim. App. 1996); *State v. Turner*, 919 S.W.2d 346, 356-57 (Tenn. Crim. App. 1995). We conclude that the trial court did not err by summarily denying the Defendant's Rule 36.1 motion.

## <u>CONCLUSION</u>

After review, we affirm the judgment of the trial court.

_____

JOHN W. CAMPBELL, SR., JUDGE